In the Matter of the Probate of the Paper Writing Purporting to be the Last Will and Testament of Alfred D. Lecarpentier, deceased.

*New Castle, May 7, 1914.*

The Register of Wills is competent to testify as an attesting witness to the execution of a will, for the Constitution provides that in case the Register is interested the Orphans' Court shall take jurisdiction of the proceedings for probate.

Under Act Gen. Assem. April 6, 1881 (16 *Del. Laws, c.* 537 [*Rev. Code.* 1893, *p.* 798]), which made persons interested in the event of the suit competent to testify, a shareholder in a corporation appointed executor of a testator's last will is "competent" to testify as an attesting witness to the will; the statute requiring two "credible witnesses" to a will, and "credible" being synonymous with "competent."

The Register of Wills being disqualified to probate the paper writing purporting to be the last will and testament of Alfred D. Lecarpentier, deceased, a petition was presented on behalf of those named therein as executors asking the Orphans' Court to take jurisdiction thereof and to probate the will. An order was made directing that citations issue to the persons interested therein, and at the return thereof a caveat was filed on behalf of two of the persons so interested.

Curtis, Presiding Judge.

*Robert H. Richards*, for the propounders.
*Edward G. Cook* and *Charles W. Bush*, for the caveators.

Curtis, P. J.    Alfred D. Lecarpentier died March 1, 1914, leaving a will dated July 10, 1912, the two attesting witnesses, to which were Francis M. Walker, Esq., and George A. Elliott, Esq.    Mr. Walker was at the time of the execution of the will, and at the death of the testator and still is, Register of Wills for New Castle County.    Being disqualified to probate the will a petition was presented to the Orphans' Court by those named in the will as executors, setting forth the disqualifica-

tion of Mr. Walker and asking that the Orphans' Court take jurisdiction, as provided in the Constitution of the State. Thereupon this court made an order taking cognizance of the cause, and directing that citations be issued to all the parties interested and notice given by publication in the usual way according to the practice in the Register's Court. All the parties were cited, or notified, or appeared. A caveat in general form was filed by two of the parties interested, and on motion of the attorney for the proponent of the will, the caveators were required to set out the grounds on which the caveat was based. Objections were made to the competency of both of the attesting witnesses; to Mr. Walker because he was Register of Wills, and to Mr. Elliott because he was a stockholder and director of The Equitable Guarantee and Trust Company, which was one of the executors and was also appointed trustee of the estate.

The first ground of objection was not further urged and was distinctly abandoned. Inasmuch as by the Constitution in case a Register of Wills is interested in questions concerning the probate of wills, the cognizance thereof belongs to another tribunal, the Orphans' Court, there is, of course, no basis for an objection to the competency of the Register of Wills to testify as an attesting witness at the probate of the will in the Orphans' Court. Against the sufficiency of this objection the attorney for the will cited authorities to show that a person is not disqualified to act as subscribing witness to a will because at the time of the execution of the will he was a judge of a court for the probate of wills. *Schouler on Wills*, 172; *Patten v. Tallman*, 27 *Me.* 17; *Panaud v. Jones*, 1 *Cal.* 488; *McLean v. Barnard*, 1 *Root* (*Conn.*) 462; *Ford's Case*, 2 *Root* (*Conn.*) 232. He would, of course, be disqualified to probate the will.

The other ground of objection related to the competency of Mr. Elliott. Testimony was heard before the Orphans' Court which showed that Mr. Elliott was a stockholder and director of The Equitable Guarantee and Trust Company, and that the number of shares of the stock of the company held by him was fifty. There was no evidence of any other interest which he had in the estate of the decedent in any way.

The statute of this State requires that there be two, or more, "credible" witnesses to a will. It seems to be settled by uniform decisions that "credible" is synonymous with "competent". *Page on Wills*, §191; 40 *Cyc.* 1109. The case of *Sutton v. Sutton*, 5 *Harr*. 459, seems to have a different definition and to make it synonymous with "creditable," but it was not so said there respecting the testimony of an attesting witness. There are two cases which were decided before 1881, when the Act removing the disability of interest of witnesses was passed. They were *Sutton v. Sutton*, 5 *Harr*. 459, and *Davis v. Rogers*, 1 *Houst*. 44. But neither of them decided that a person named as executor in a will was disqualified as an attesting witness to the will. In each of the cases the court considered whether persons named as executors were competent to testify, not as attesting witnesses, but as general witnesses. In the former case (*Sutton v. Sutton*), there were two executors called to prove the circumstances under which the will was found after the death of the testator. One of them was interested in a codicil and was excluded, just as all persons interested in a suit were at that time excluded, but the other executor not being so interested was admitted. In the later case, *Davis v. Rogers*, William H. Rogers, the executor named in the will, but not an attesting witness, was also a trustee under the will, which expressly provided that he should be paid fair and liberal compensation as such trustee. It was held that he was incompetent by reason of his interest. Chief Justice Harrington, however, intimated that there would have been a difference if he had been an attesting witness, and the only disqualification urged was based on his being such.

Whatever may have been the decisions before 1881, one decision has been rendered in Delaware since that time which is decisive of this case, and binding on this court. The Act of April 6, 1881, (*Chapter 537, Vol. 16, p. 798, of Revised Code*) removed the disability of interest in a witness and made a person interested in the event of the suit or matter to be determined competent as a witness, except in proceedings by or against executors, in which a judgment or decree may be rendered for or against them. In the case of *In re Spiegelhalter's*

*Will*, 1 *Pennewill* 5, 39 *Atl.* 564 (1897), the executor was one of the attesting witnesses, and it was held he was not disqualified to prove the execution of the will. The court relied on the Act of 1881, above referred to, as making the executor competent as an attesting witness. It was also there held that the proviso of the Act did affect the result. This decision is binding on this court. It was made by the Superior Court on an issue from the Register of Wills, and by the Constitution made final, and it is, therefore, final so far as the Orphans' Court is concerned when it takes cognizance of the probate of a will in cases where the Register of Wills is disqualified.

The case of *In re Spiegelhalter's Will* also decides that a trustee under a will is not disqualified to be an attesting witness, for interest in the event is no longer a disqualification. If Mr. Elliott had been executor and trustee under this will, he would not have been incompetent as an attesting witness, much less would he be here since he is not executor or trustee, but an officer and holder of a small number of shares of stock of a corporation named as executor and trustee.

Counsel for the will in his brief cites authorities of other courts which sustain the decision of the Superior Court, but it is not necessary to advert to them.

The argument for the caveators is based largely on the decisions of a Pennsylvania statute respecting gifts by will to or in trust for charities. This statute expressly requires that in such cases the witnesses to the will shall not only be credible, but "at the time disinterested". Of course, decisions respecting this statute are not helpful in interpreting or applying our own statute.

There is no ground to sustain the caveat, and an order will be made admitting the will to probate.